SCOTT COUNTY PROPERTY TAXPAYERS ASSOCIATION, INC.; Richard Kuehl; Wendy Bellin; John Schnekloth; and Wesley W. Kuehl, Appellants,

v.

SCOTT COUNTY, Iowa; the Board of Supervisors of Scott County, Iowa; and its Individual Members, Robert Petersen, William Fennelly, Otto Ewoldt, Donald Costello and Edwin G. Winborn, Appellees.

No. 90–643.

Supreme Court of Iowa.

July 17, 1991.

county, brought this action to challenge the allocation. They contend the tax relief should have been limited to the rural area where these funds were generated. The trial court rejected their contention and so do we.

In 1985 the Iowa legislature adopted an act which allows "cities and counties to impose certain local option taxes." Iowa Code ch. 422B. The tax "shall only apply to those incorporated areas and the unincorporated area of that county in which a majority of those voting in the area on the tax favor its imposition." Iowa Code § 422B.1(2).

The local sales and service tax is collected and administered by the Iowa department of revenue and finance. The collections from a county which has imposed such a tax are remitted by the department to the county board of supervisors on behalf of the unincorporated area and to each respective city council in the county where the tax was imposed. Seventy-five percent of the countywide collections are divided between the unincorporated area of the county and its cities, based upon population. The remaining twenty-five percent is divided between the same groups, based upon the sum of property tax dollars levied by the board of supervisors and by the city councils where the tax was imposed. Iowa Code § 422B.10(3), (4). The allocation to each city and the unincorporated area is prorated, based upon its percentage of total population and total property tax dollars levied. *Id.*

The ballot upon which the voters in the unincorporated area of Scott County approved the tax provided:

Summary: To authorize imposition of a local sales and services tax in the unincorporated areas of the County of Scott, at the rate of one percent (1%) to be effective on January 1, 1989.

A local sales and services tax shall be imposed in the unincorporated areas of the County of Scott, at the rate of one percent (1%) to be effective on January 1, 1989.

Douglas E. Gross, John V. Donnelly, and Carl R. Desenberg of Brown, Winick, Graves, Donnelly, Baskerville & Schoenebaum, Des Moines, for appellants.

William E. Davis, County Atty., and Thomas C. Fritzsche, Asst. County Atty., for appellees.

Gale E. Juhl of Morain, Burlingame, Pugh, Juhl & Peyton, West Des Moines, for amicus curiae Iowa Farm Bureau Federation.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO and NEUMAN, JJ.

HARRIS, Justice.

Residents of rural Scott County elected to impose a local one percent tax on sales and services as authorized by Iowa Code chapter 422B (1987). So doing the voters directed that the revenues generated by the tax were to be allocated entirely for property tax relief. When it received the funds generated by this tax, defendant county responded by placing them into the county's general fund. The effect was to accord property tax relief to the entire county. Plaintiffs, rural taxpayers in the

Revenues from the sales and services tax are to be allocated as follows:

1. 100% for property tax relief.

The county board of supervisors then imposed by ordinance the one percent tax effective January 1, 1989, for all of Scott County except for the city of Durant (only a part of which lies within Scott County).

The board thereafter adopted a county budget and certified the general service property tax levy and rural services property tax levy for the fiscal year beginning July 1, 1989. The expected fiscal year 1990 remissions from the local option sales tax was included as budget income of $1,500,-000. As mentioned, the remissions were included as resources of the Scott County general fund. This action decreased Scott County property tax levies for general county services by approximately $ .43192 per $1000 of assessed valuation.

This equitable action sought injunctive relief and a writ of mandamus to reverse the countywide distribution of local sales and service taxes derived from property located in the unincorporated areas. The district court granted the board's motion for summary judgment and dismissed plaintiffs' petition.

■ I. The plaintiffs argue the spirit of the statute mandates a determination in their favor. Their theory is premised on the fact that, under the statute, the tax can be imposed only upon the affirmative vote of the residents of the taxing area. The plaintiffs think it follows that the legislature intended that all the tax revenues generated within the taxing area are to be remitted to that particular region.

In defending its actions as proper the board points out that the ballot proposition statement (tax remissions would be used "100% for property tax relief") was followed; depositing the revenues into the general fund reduced property taxes needed for general county services. The board cites Iowa Code section 422B.10(5) ("Local sales and services tax moneys received by a city or county may be expended for any lawful purpose of the city or county."). This is the only directive given by the legislature concerning where the tax revenues

shall go after they are received by the board (or council). Section 422B.10(5) compliments section 422B.4 which states in relevant part:

The ballot proposition shall also specify the approximate amount of local option tax revenues that will be used for property tax relief and shall contain a statement as to the specific purpose or purposes for which the revenue shall otherwise be expended.

There is considerable superficial appeal to the plaintiffs' argument. At first blush it may appear to be unfair to those living in the unincorporated area of Scott County. Under the distribution scheme implemented by the county board, citizens of incorporated areas obtain property tax relief from the tax imposed by their respective city councils. At the same time these same citizens benefit from the tax revenue received by the county board which was placed in the county general fund and used for countywide property tax relief.

In contrast, the tax revenue received by the respective city councils was not deposited in the general fund. Plaintiffs' argument is that they and those similarly situated are subsidizing property taxes for the entire county without any reciprocal assistance from the incorporated areas.

■ Even if we were to accept plaintiffs' challenge to the revenue disbursement as unfair, fundamental rules of statutory construction militate against reversal. Fairness is not determinative of disputes over disbursement of tax revenues.

Moneys raised by taxation are not required to be appropriated in such a manner that the several taxpayers, or districts of taxpayers, will be directly benefited in proportion to the amount of their taxes.

87 C.J.S. *Towns* § 167, at 170 (1954).

Generally, the taxing authorities of the local district wherein a tax is levied and collected have plenary power to distribute the district's share thereof to the various subdivisions of the district entitled thereto. The municipalities involved cannot assail the fairness of the distribu-

tion and apportionment of taxes merely because it is not in accordance with their concept of fairness and equality.

85 C.J.S. *Taxation* § 1057, at 645 (1954).

The rule that "legislative will governs decisions on the construction of statutes continues to be the test most often declared by courts." 2A N.J. Singer, *Sutherland Statutory Construction* § 45.05, at 21 (4th ed. 1984). In searching out legislative intent, however, we look to "what the legislature said, rather than what it should or might have said." Iowa R.App.P. 14(f)(13).

Although the unfairness perceived by the plaintiffs cannot, under the foregoing authorities, control our determination of this appeal, we should point out that the scheme is not necessarily unfair to them. Residents of the unincorporated area authorized the tax but did not themselves pay it. It was paid by anyone who purchased goods and services in the area, including purchasers who reside in cities and towns of the county. The tax moreover did provide a measure of property tax relief to the residents of unincorporated Scott County. Although the relief was considerably diluted because it was shared with the residents of incorporated areas, it was better than nothing. And nothing would have been precisely the amount of tax relief to the rural voters had they rejected the plan. The challenged tax scheme is entirely lawful. If plaintiffs are to see it changed their remedy is political, at the ballot box.

■ II. Plaintiffs also mount a constitutional challenge, claiming the scheme denies them equal protection. They have undertaken a heavy burden. The United States Supreme Court has pointed out:

> In the area of economics and social welfare, a state does not violate the equal protection clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality."

*United States R.R. Retirement Bd. v. Fritz,* 449 U.S. 166, 175, 101 S.Ct. 453, 459, 66 L.Ed.2d 368, 376 (1980) (quoting *Dandridge v. Williams,* 397 U.S. 471, 485–86, 90 S.Ct. 1153, 1161–62, 25 L.Ed.2d 491, 501–02 (1970)).

We cannot find the board's action in providing property tax relief to the entire county had no rational basis. The constitutional challenge is without merit.

AFFIRMED.